In the Matter of the Application of the WESTCHESTER HOUSING CORPORATION, Petitioner, for a Certiorari Order against WALTER E. BUNNELL, Chairman, and Others, Constituting the Zoning Board of Appeals of the Village of Pelham, Westchester County, New York, and Another, Respondents.

Supreme Court, Westchester County, August 12, 1927.

**Villages — zoning ordinances — erection of six houses in group not violation ·of zoning ordinance providing for erection only ·of building for one family.**

A zoning ordinance which provides that no building shall be erected within a certain district other than a building arranged, intended and designed exclusively for a private dwelling for one family only, will not be violated by the erection of a group of six one-family houses, though the six houses are joined together by party walls.

CERTIORARI to review the action of the zoning board of appeals of the village of Pelham, N. Y., in affirming the action of the building inspector of said village rejecting petitioner's applications

for permission to erect on certain premises in said village twenty-four one-family houses.

*Manning Stires*, for the petitioner.

*Anthony M. Menkel*, for the respondents.

SEEGER, J.    The respondents contend that the applications and the proposed buildings violate the zoning ordinance of the village, which provides as follows: " In the residence district no building shall be erected other than a building    *    *    *    arranged, intended or designed exclusively for a private dwelling for one family only    *    *    *."

The houses proposed to be built are in four groups of six each upon a block of land.    Each group of six houses has party walls dividing the houses from one another with separate connections for sewers, for introduction of water and gas lines, electric service and individual heating plants.    Each is a row of six houses joined together situated in the center of the block with yard room in the rear.    If they were not joined together there could be no objection to them.    The ordinance does not prohibit the joining of houses together.    By building in this way the cost of construction is decreased.    The land upon which it is proposed to build these houses is located on the street immediately west of a main street where business places and apartment houses are permitted and exist at present.    There is a theatre on the corner of this street, the rear of which is near this land.    The houses face a vacant lot in the rear of these apartment houses.    The proposed houses are of much better appearances and more costly than the few houses in the neighborhood.    The land is located in an undeveloped section.    The vacant land in the neighborhood is not desirable for expensive or high class residences.

· The building inspector who denied the application, said at the hearing before the zoning board of appeals: " I would like to say just a word as a private citizen and not in my capacity as building inspector.    The drawings as filed show four very attractive old english style of half timbered architecture.    Personally, I think that in that location they would be a credit to the village and I know that that feeling is shared by other residents beside myself. I don't see ·wherein a builder could go in there and build a type of house that would go in any way with the buildings in the rest of the heights and get out.    I don't think he could sell them."

Under the circumstances it seems to me that the construction placed upon the zoning ordinance by the building inspector and the board of appeals is incorrect and unreasonable, and that a

zoning ordinance prohibiting the erection of individual houses in rows or connected together in such a location is an unreasonable exercise of the zoning power, and that the petition should be granted, without costs. Settle order on notice.